IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEJEREK B. SMALLWOOD,** | : | CIVIL ACTION NO. 1:21-CV-786 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN PREMUS,** *et al.*, | : | |
| | : | |
| Respondents | : | |

**MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254. Petitioner, Dejerek B. Smallwood, challenges his 2015 conviction for two counts of first-degree murder and one count of possession with intent to distribute narcotics in the York County Court of Common Pleas. In accordance with United States v. Bendolph, 409 F.3d 155, 158 (3d Cir. 2005), we *sua sponte* raised the issue of timeliness and required Smallwood to show cause as to why the case should not be dismissed as untimely. Upon consideration of the petition and Smallwood's response to the order to show cause, we conclude that the petition is untimely and will dismiss it on that basis.

**I.      Factual Background & Procedural History**

Smallwood was found guilty of two counts of first-degree murder and one count of possession with intent to distribute narcotics on November 6, 2015. See Commonwealth v. Smallwood, No. CP-67-CR-0000778-2014 (York Cnty. Ct. of Common Pleas Nov. 6, 2015). He was sentenced to life in prison on December 18, 2015. Id. Smallwood appealed, and the Pennsylvania Superior Court affirmed the

judgment of sentence on March 13, 2017.  (Doc. 19-1 at 692-713); Commonwealth v. Smallwood, No. 909 MDA 2016, 2017 WL 972116, at *11 (Pa. Super. Ct. Mar. 13, 2017).  Smallwood petitioned for allowance of appeal to the Pennsylvania Supreme Court, which denied the petition on August 23, 2017.  (Doc. 19-1 at 717); Commonwealth v. Smallwood, 170 A.3d 1005 (Pa. 2017).  Smallwood did not file a petition for writ of certiorari to the United States Supreme Court, and the deadline for doing so expired on November 21, 2017.  See U.S. SUP. CT. R. 13.

Smallwood filed a petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on June 26, 2018.  (Doc. 19-1 at 718).  After conducting an evidentiary hearing, the court of common pleas denied the petition on January 11, 2019.  (Id. at 855-77).  Smallwood did not immediately appeal, and the deadline for doing so expired on February 11, 2019.  See PA. R. APP. P. 903; 1 Pa.C.S. § 1908 (noting that last day of limitations period is not counted when it falls on Saturday or Sunday).

Smallwood moved for leave to appeal *nunc pro tunc* on March 24, 2019.  (See Doc. 19-1 at 888-89).  The court of common pleas granted the motion on March 29, 2019, and Smallwood appealed to the superior court on April 2, 2019.  (Id.)  The superior court affirmed the denial of PCRA relief on February 6, 2020.  (Id. at 885-900); Commonwealth v. Smallwood, No. 538 MDA 2019, 2020 WL 592892, at *8 (Pa. Super. Ct. Feb. 6, 2020).  Smallwood did not immediately appeal to the Pennsylvania Supreme Court, and the deadline for doing so expired on March 9, 2020.  See PA. R. APP. P. 1113; 1 Pa.C.S. § 1908.  Smallwood moved for leave to appeal *nunc pro tunc*, and the Pennsylvania Supreme Court granted the motion on

August 28, 2020. (Doc. 19-1 at 904). The court then denied Smallwood's petition for allowance of appeal on February 17, 2021. (Id. at 906); Commonwealth v. Smallwood, 249 A.3d 252 (Pa. 2021).

Smallwood filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 23, 2021, and the court received and docketed the petition on April 30, 2021. (Doc. 1 at 15). Smallwood raises five claims for habeas corpus relief: (1) that there was not sufficient evidence to support his conviction; (2) that the prosecutor committed misconduct by failing to correct a witness's false testimony and that trial and PCRA counsel were ineffective for failing to raise this claim; (3) that Smallwood's constitutional rights were violated when the trial court instructed the jury that it could infer the necessary malice to convict him for first-degree murder if it found that Smallwood had shot the victims in vital parts of their bodies and that trial and PCRA counsel were ineffective for failing to raise this claim; (4) that trial counsel was ineffective for failing to request a jury instruction on manslaughter and that PCRA counsel was ineffective for failing to raise this ineffectiveness claim; and (5) that the Commonwealth violated Smallwood's rights under Brady v. Maryland, 373 U.S. 83 (1963) when it failed to disclose to Smallwood the results of lab testing done on a firearm that was recovered from the scene of the crime and that trial and PCRA counsel were ineffective for failing to raise this claim. (Id. at 16-36).

Respondent responded to the petition on October 27, 2021 and provided a reproduced record of state court proceedings. (Docs. 19, 19-1). Respondent argues that Smallwood's first claim should be denied on its merits because it solely raises a

question of state law and that Smallwood's second and third claims should be denied as procedurally defaulted. (Doc. 19). In the alternative, respondent argues the second and third claims should be denied on their merits. (Id.) Respondent does not address Smallwood's fourth and fifth claims. (See id.)

On October 3, 2022, we issued an order under Bendolph, 409 F.3d at 158, in which we *sua sponte* raised the issue of timeliness and required Smallwood to show cause as to why the petition should not be dismissed as untimely. (Doc. 25). Smallwood responded to the order on October 31, 2022. (Doc. 26). Smallwood argues that our timeliness computation is based on erroneous information as to the timeline of events in this case and that contrary to the information included in the Bendolph order the petition is timely. (Id.)

## II. Discussion

Petitions for writ of habeas corpus under 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. Id. § 2244(d)(2). The limitations period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by petitioner. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Pace v. Diguglielmo, 544 U.S. 408, 418 (2005).

As Smallwood correctly notes, our October 3, 2022 show-cause order pursuant to Bendolph contained erroneous information as to the timeline of events in this case. (See Doc. 25).[1] Nevertheless, we conclude that the petition is untimely based on our now accurate timeline of Smallwood's various post-conviction filings set forth herein.

Under Section 2244, Smallwood had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1)(A).[2] His conviction became final on November 21, 2017, the last date on which he could file a petition for writ of certiorari to the United States Supreme Court. Thus, absent tolling, Smallwood needed to file his petition for writ of habeas corpus no later than November 21, 2018 for it to be timely under Section 2244.

The limitations period was statutorily tolled pursuant to 28 U.S.C. § 2244(d)(2) beginning on June 26, 2018, when Smallwood filed a timely petition for

---

[1] The error was based on information cited by the superior court in its February 6, 2020 opinion affirming the denial of Smallwood's PCRA petition. See Smallwood, 2020 WL 592892, at *2.

[2] Section 2244(d)(1) provides for other triggering events of the one-year limitations period, but none apply here. See 28 U.S.C. § 2244(d)(1)(B)-(D).

5

state collateral relief under the PCRA. (See Doc. 19-1 at 718). At that point, 217 days had elapsed towards the end of the limitations period. The statutory tolling period ended on February 11, 2019, the last date by which Smallwood could appeal the denial of his PCRA petition to the superior court. See (Doc. 19-1 at 855-77); PA. R. APP. P. 903.

On March 29, 2019, the superior court granted Smallwood's motion for leave to appeal *nunc pro tunc*. (Doc. 19-1 at 888-89). Petitions for state collateral relief are not pending for purposes of statutory tolling under Section 2244(d)(2) between the expiration of the time for the petitioner to timely appeal the denial of a state petition for collateral relief and the state court's subsequent acceptance of the petition *nunc pro tunc*. Martin v. Administrator N.J. State Prison, 23 F.4th 261, 270-72 (3d Cir. 2022). Thus, statutory tolling did not apply for the 46 days that elapsed between February 11, 2019 (the last date by which Smallwood could appeal) and March 29, 2019 (the date on which the superior court granted Smallwood's motion for leave to appeal *nunc pro tunc*). See id. Those 46 days added to the 217 days that had already elapsed results in a total of 263 days elapsed towards the expiration of the limitations period as of March 29, 2019.

Setting aside the period of time between March 29, 2019 and March 9, 2020,[3] we find that statutory tolling no longer applied as of March 9, 2020, the last date by

---

[3] Under Martin, it is an open question whether Smallwood is entitled to statutory tolling for the period from March 29, 2019 (when the superior court granted his motion for leave to appeal *nunc pro tunc*) to March 9, 2020 (the deadline for Smallwood to appeal the superior court's order affirming the denial of his PCRA petition). See Martin, 23 F.4th at 271 ("While it is true that a state court's acceptance of an untimely appeal breathes new life into the state PCR proceeding—

6

which Smallwood could have appealed the Superior Court's affirmance of the denial of his PCRA petition to the Pennsylvania Supreme Court. The Pennsylvania Supreme Court subsequently granted Smallwood's motion for leave to appeal *nunc pro tunc* on August 28, 2020. (See Doc. 19-1 at 904). But under Martin, statutory tolling did not apply for the 172 days between March 9, 2020 and August 28, 2020. See Martin, 23 F.4th at 270-72. Thus, in light of the 263 days that had already elapsed towards the end of the limitations period, Smallwood needed to file his habeas corpus petition within 102 days of the statutory tolling period ending on March 9, 2020, or no later than June 22, 2020. See 1 Pa.C.S. § 1908 (noting that last day of limitations period is not counted when it falls on "Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States"); 42 P.S. § 40.12 (designating June 19 as "Juneteenth National Freedom Day" under Pennsylvania law effective June 19, 2019). His petition, which was not filed until April 23, 2021, is therefore untimely.

Smallwood is not entitled to equitable tolling of the limitations period. The equitable tolling doctrine allows courts to toll the one-year limitations period when the petitioner has been pursuing his rights diligently, but extraordinary circumstances have prevented him from timely filing his petition. Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace, 544 U.S. at 418). The petitioner bears

---

and may *at that point* trigger § 2244(d)(2)'s tolling mechanism (a determination that we need not reach today)—it does not resuscitate the PCR petition for the period in which it was, for all practical purposes, defunct." (emphasis in original)). We decline to decide whether statutory tolling applies for this period because the petition is untimely regardless of our resolution of this issue.

the burden of showing that he is entitled to equitable tolling.  Pace, 544 U.S. at 418.  Smallwood has not advanced any argument whatsoever for equitable tolling, and accordingly has not met his burden.

Smallwood is also not entitled to relief from the limitations period under the actual innocence exception.  The statute of limitations for habeas corpus petitions under Section 2254 may be excused if the petitioner makes an adequate showing of his actual innocence, but the petitioner bears a heavy burden to meet this exception and can only do so if he can show that no reasonable juror "would have voted to find him guilty beyond a reasonable doubt."  See Satterfield v. Dist. Att'y of Philadelphia, 872 F.3d 152, 163 (3d Cir. 2017) (quoting McQuiggin, 569 U.S. at 386).  Smallwood has failed to meet this burden because he has not advanced any actual innocence argument beyond the conclusory and undeveloped statement that he is "an innocent man."  (See Doc. 26 at 2).  Sweeping general assertions such as "I am an innocent man" are clearly insufficient to meet the stringent burden of proof applicable to the actual innocence exception.

**III.    Conclusion**

We will dismiss the petition (Doc. 1) for writ of habeas corpus with prejudice as untimely.  A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     March 15, 2023